UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNICARE LIFE & HEALTH INSURANCE
COMPANY, a Delaware corporation,

       Plaintiff,                               Case No. 2:06-cv-15612

vs.                                             HONORABLE PAUL D. BORMAN
                                                HONORABLE STEVEN D. PEPE

NORMAN CARL and INGEBORG
SCHNEIDER, a/k/a INGEBORG BLUM,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.     Procedural History

On March 14, 2007, Plaintiff Unicare Life and Health Insurance Company ("Unicare") filed its motion seeking an Order allowing it to deposit the proceeds of a policy covering the life of Carmen Colleen Carl, less its attorney fees and costs, into the Court, for a complete and total discharge of any liability for the insurance proceeds, and for dismissal from this action (Dkt. #12). Defendant Ingeborg Schneider filed a response to Unicare's motion on March 26, 2007, and Unicare filed a reply brief on April 3, 2007. A telephonic hearing on Plaintiff's motion was held on May 2, 2007, at which all unresolved issues were heard.

Plaintiff's motion was referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A) (Dkt. #13). Yet, because adoption of this Report and Recommendation would allow for total resolution of this case, this matter is being handled under 28 U.S.C. § 636(b)(1)(B). For the following reasons, **IT IS RECOMMENDED** that Plaintiff's motion be **GRANTED,** and that the proceeds of the life insurance policy pertaining to Carmen Colleen Carl

be paid into the Court, and that Unicare be allowed to withhold $4,000 for attorney fees and costs it incurred in facilitating this interpleader matter. Moreover, as Defendant Norman Carl has stated that his client no longer wishes to pursue a claim against the policy proceeds, it is further recommended that the residual amount be paid to Defendant Ingeborg Schneider, and that this matter be dismissed with prejudice.

## II. Background Facts

Unicare initiated this interpleader action based on competing claims to the proceeds of a life insurance policy covering the late Carmen Colleen Carl. Carmen Colleen Carl was insured by Unicare under Group Policy No. 17-GCC 27500/00 ("the Policy"), issued to Ford Motor Company. The Policy provided, among other things, for basic life insurance death benefits payable upon Carmen Colleen Carl's death to her designated beneficiary or beneficiaries (Dkt. #12, Ex. 1).

Carmen Colleen Carl died on or about October 28, 2006, as the result of alcoholic liver cirrhosis and complications (Dkt. #12, Ex. B to Ex. 1). Under the terms and conditions of the Policy, the last-named beneficiary or beneficiaries designated by Carmen Colleen Carl became entitled to basic life insurance benefits in the amount of $62,400.00. The decedent originally named Martha Carl, wife, as beneficiary of the Policy (Dkt. #12, Ex. C to Ex. 1). In 1978 the decedent submitted a Change of Beneficiary form naming Ingeborg Blum (Schneider) as beneficiary (Dkt. #12, Ex. D to Ex. 1).

Following the death of Carmen Colleen Carl, Unicare was contacted by Kellie and Norman Carl who indicated their desire to make a claim on the Policy proceeds (Dkt. #12, Ex. I to Ex. 1). Norman Carl is the decedent's son. Unicare then received a letter from attorney

2

Michael Kiesel stating that he represented the Carls regarding the Policy and requesting that the Carls be reimbursed for funeral expenses (Dkt. #12, Ex. J to Ex. 1). Attorney Kiesel also enclosed a letter that the Carls drafted along with attached documents relating to funeral expenses, the terms of the Policy and a Last Will and Testament appointing Norman Carl as the Personal Representative of the decedents's estate and Trustee of the trust created therein. *Id.*

Unicare also received a letter from George and Ingeborg Schneider (the apparent last named beneficiary) requesting that the funds be released to Ms. Schneider (Dkt. #12, Ex. K to Ex. 1). The letter stated "we understand that the release of funds is being held due to a counter claim from another family member." *Id*. As a result of these competing claims to the Policy, Unicare subsequently filed its Complaint for Interpleader on December 14, 2006. Unicare filed the pending Motion to Deposit Funds with the Court and for a Complete and Total Discharge on March 12, 2007.

At the conclusion of the May 2, 2007, hearing on the present motion, the undersigned indicated that he would likely recommend that the proceeds of the life insurance policy pertaining to Carmen Colleen Carl be paid into the Court, and that Unicare be allowed to withhold $4,000 for attorney fees and costs it was forced to incur in facilitating this interpleader matter. In addition, Unicare was required to provide an itemized listing of all attorney fees and costs, which it did within hours of the hearing. This itemized statement indicated that at the time of the hearing Unicare had incurred attorney fees and costs of $8, 521.35. Yet, a Report and Recommendation on this matter was postponed because the parties indicated that a settlement between the parties was possible.

Within days of the May 2, 2007, hearing, Leslie Kutinsky, counsel for Ingeborg

Schneider, contacted Unicare and informed it that Ms. Schneider accepted the new settlement terms allowing Unicare to withhold $4,000 for its attorney fees and costs. Ingebord Schneider's acceptance of these terms, and her counsel's representation to Unicare of said acceptance, are confirmed in a letter sent to Ms. Schneider by Leslie Kutinsky dated May 24, 2007 (Dkt. #26, Ex. 1). In response to this agreement to settle, Unicare prepared and sent out its fourth proposed settlement agreement. To date, Unicare has not received an executed copy of this agreement.

On June 5, 2007, Defendant Ingeborg Schneider filed a motion for withdrawal of her attorney, Leslie H. Kutinsky (Dkt. #22). In addition, Defendant submitted letters to the Court dated June 7, 2007, and June 11, 2007. These letters offer no new information or arguments that were not addressed in the Complaint for Interpleader, the parties' briefs and the hearing of May 2, 2007. As a result of a failure to reach a settlement, Unicare filed a June 13, 2007, brief in which it renews its request to deposit the proceeds of a policy covering the life of Carmen Colleen Carl, less its attorney fees and costs, into the Court, for a complete and total discharge of any liability for the insurance proceeds, and for dismissal from this action (Dkt. #26).

## III. ANALYSIS

### A. The Legal Standard

Under the interpleader rule, Fed. R. Civ. P. 22, "a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action." *Sun Life Assurance Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990); *Kurland v. U.S.*, 919 F. Supp. 419 (M.D. Fla. 1996). Indeed, "[a]bsent the presence of bad faith on the part of the stakeholder or the possibility that the stakeholder is independently liable, discharge should be readily granted." *Sun Life*, 735 F.

4

Supp at 733.

In addition, as a general rule, federal courts hold that attorney fees are available "when the party initiating the interpleader is acting as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in the court, and has asked to be relieved of any further liability." 7 Charles Alan Wright, Arthur R. Miller, & Mark Kay Kane, Federal Practice and Procedure § 1719 (3d. ed. 2001); *see also, Millers Mutual Ins. Assoc. v. Wassall*, 738 F.2d 302, 304 (8th Cir. 1984) ("Under the common law, courts have long awarded attorney fees and costs to a disinterested stakeholder out of an interpleaded fund"); *Equitable Life Assurance Society of the U.S. v. McClelland*, 85, F. Supp. 688 (D.C. Mich. 1949) (allowing insurer's claim for attorney fees for time and effort in preparing and filing interpleader complaint to be deducted from the policy proceeds prior to distribution).

B.  **Factual Analysis**

In this case, Unicare is a neutral stakeholder, not a true party to this action. There is also a lack of sufficient evidence to demonstrate that Plaintiff has acted in bad faith in brining this matter.[1] Rather, it appears Plaintiff has acted in order to avoid further liability arising from

---

[1] In the statement of resolved and unresolved issues filed in preparation for the hearing on the present motion, Mr. Kiesel has stated the position that his client did not in fact, ever make a "claim" on the policy proceeds (Dkt. #20). Unicare disputes this and believes that a claim was made against the proceeds by Norman Carl as demonstrated in the discussion and supporting documents of Unicare's Complaint for Interpleader. A review of Unicare's exhibits supports their contention that multiple claims were made to the funds. In exhibits I-J to Plaintiff's Complaint, there are several documents representing correspondence between the insurance company and Normal Carl and his attorney, in which Defendant Carl requests reimbursement for funeral expenses. Moreover, there is a letter from Kellie and Norman Carl in which they specifically request that "the insurance carrier refer this [matter] to the proper court for determination" (Dkt. #1, p. 33). In light of these exhibits, there is a lack of sufficient evidence to indicate that Unicare acted in bad faith in bringing this action.

potential multiple claims on the policy proceeds.  Through its Complaint for Interpleader, Unicare has provided the Court with all relevant information related to the beneficiary designation on the policy for Carmen Colleen Carl.  Unicare's presence is unnecessary to determine the merits of the Defendants' competing claims.  Indeed, Michael Kiesel, attorney for Norman Carl, has stated that his client no longer wishes to pursue a claim against the policy proceeds.  Moreover, he does not object to Unicare's request to pay the funds into the Court, request for attorney fees, and for a complete and total discharge, provided the attorney fees are taken from the Policy proceeds.

In addition to being discharged from any further liability under the Policy in exchange for depositing the funds from Carmen Colleen Carl's Policy to the Court, Unicare is entitled to its reasonable attorney fees and costs incurred in brining this matter before the Court.  As has been held in other federal courts handling similar matters:

> The test for awarding fees and costs to a stakeholder in an interpleader action is a typical equitable one that is very similar to the standard used to determine whether interpleader relief ought to be granted-should the interpleading party be required to assume the risk of multiplicity of actions and erroneous election? If not, then the stakeholder should be made whole. 7 Charles A. Wright et al., Federal Practice and Procedure § 1719 at 637 (1986); United States ex rel. General Elec. Co. v. Browne Elec. Co., 168 F.Supp. 806, 808 (E.D.Va.1959).

*John Hancock Mutual Life Ins. Co. v. Jordan*, 836 F. Supp. 743, 749 (D. Colo. 1993).

As of their latest filing, Unicare's attorney fees and costs presently total $10,136.65 (Dkt. #26, Ex. 2).  Because alternative means of resolving this matter have been exhausted it is recommended that Plaintiff's motion be granted and that the proceeds of the life insurance policy pertaining to Carmen Colleen Carl be paid into the Court, and that Unicare be allowed to withhold $4,000 for attorney fees and costs it incurred in facilitating this interpleader matter.  As

6

Defendant Norman Carl has stated that his client no longer wishes to pursue a claim against the policy proceeds, it is further recommended that the remaining sum be paid to Defendant Ingeborg Schneider, and that this matter be dismissed with prejudice.

**IV.  RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Plaintiff's motion be **GRANTED**. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.  If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

7

| Dated: June 22, 2007 | s/Steven D. Pepe |
| Flint, Michigan | United States Magistrate Judge |

CERTIFICATE OF SERVICE

      I hereby certify that on June 22, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Ryan W. Darnton, Leslie H. Kutinsky, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Michael P. Kiesel             .

                                                          s/ Tammy Hallwood
                                                          Tammy Hallwood
                                                          Deputy Clerk
                                                          U.S. District Court
                                                          600 Church St.
                                                          Flint, MI 48502
                                                          810-341-7850
                                                          tammy_hallwood@mied.uscourts.gov